UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT BOARDMAN, | Case No. 24-cv-10685 |
| Plaintiff, | Honorable Brandy R. McMillion |
| | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| CHARLIE COY, | |
| Defendants. | |

**REPORT AND RECOMMENDATION TO SUA SPONTE DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE**

## I.     Introduction

Plaintiff Robert Boardman, a prisoner of the Michigan Department of Corrections (MDOC), brings this civil rights action under 42 U.S.C. § 1983, alleging that Defendant Charlie Coy used excessive force in violation of the Eighth Amendment.  ECF No. 1.  The Honorable Brandy R. McMillion referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 13.

The Court has entered several orders that were mailed to Boardman at the Gus Harrison Correctional Facility (ARF) and were returned as undeliverable.  ECF No. 23; ECF No. 24; ECF No. 25; ECF No. 27.  An

offender search on the Michigan Department of Corrections website shows that Boardman was paroled on September 3, 2025.[1]  The Court ordered Boardman to show cause by October 21, 2025, why his claims should not be dismissed for failure to prosecute, warning that failure to respond "may result in a recommendation to dismiss the case."  ECF No. 26.  Boardman did not respond.

The record shows a discrepancy between Boardman's address of record at ARF and the fact that he was released on parole in September. But Boardman did not notify the Court of his address change.  Local Rule 11.2 requires parties to notify the Court of an address change and warns that failure to do so could result in the dismissal of their case.  Boardman has failed to comply with that rule.

The Court thus **RECOMMENDS** that Boardman's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

## II.    Analysis

### A.

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b).  *Link v. Wabash R. Co.*, 370 U.S.

---

[1]https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=857600.

626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").  The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).  And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing the case unless good cause is shown."  E.D. Mich. LR 41.2 (cleaned up).  Dismissal for want of prosecution is ordinarily with prejudice.  Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."  *Knoll*, 176

F.3d at 363.  Although Boardman is proceeding pro se, and thus is held to less stringent standards, the leniency granted is not boundless.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  "Pro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines."  *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)) (cleaned up).

Analysis of the *Knoll* factors supports dismissal.  For the first factor, Boardman is at fault because he failed to respond to the Court's show cause order or provide the Court with an updated address, showing willfulness or fault on his part.  After invoking the processes of this Court, Boardman had an affirmative duty to apprise the Court of his mailing address.  *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012).

Although there is no evidence that Coy was prejudiced by Boardman's inaction, the third and fourth factors weigh heavily in favor of dismissal.  As to the third factor, Local Rule 11.2 warns that failure to notify the Court of an address change could result in dismissal of an action. Boardman was twice notified of this requirement and of the consequences of noncompliance.  ECF No. 6; ECF No. 26.  A pro se litigant is required to follow the Court's procedural rules.  *See Graham-Humphreys v. Memphis*

4

*Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2001).  And there is no less drastic sanction available because the Court has no means of communicating with Boardman about the case given his failure to provide a new address.  Boardman has failed to respond to Court orders, even after being warned that his failure to respond could lead to the dismissal of his complaint.  "[D]ismissal is the only appropriate remedy because [Boardman] has effectively abandoned the case."  *Gomez v. Deangelo*, No. 18-14080, 2020 WL 7038612, at *2 (E.D. Mich. Apr. 2, 2020), *adopted*, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020) (cleaned up).

## III.    Conclusion

The Court **RECOMMENDS** that this action be **DISMISSED WITH PREJUDICE**.


                                        s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
                                        United States Magistrate Judge


Dated: October 22, 2025


## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's

findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2).  If a party fails to timely file specific objections, any further appeal

is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And

only the specific objections to this report and recommendation are

preserved for appeal; all other objections are waived.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of

objections, **any non-objecting party must file a response** to the

objections, specifically addressing each issue raised in the objections in the

same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page

limitation.  If the Court determines that any objections lack merit, it may rule

without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel
of record and any unrepresented parties via the Court's ECF System to
their email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on October 22, 2025.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager