UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOARDMAN,

        Plaintiff,        Case No. 2:24-cv-10685
                                      Hon. Brandy R. McMillion
v.                              Magistrate Judge Elizabeth A. Stafford

CHARLIE COY,

        Defendant.
_____/

## OPINION AND ORDER ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF NO. 28) AND DISMISSING THE COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE

Plaintiff Robert Boardman ("Boardman"), a prisoner of the Michigan Department of Corrections ("MDOC"), brought this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that Defendant Charlie Coy used excessive force against him in violation of the Eighth Amendment. *See generally* ECF No. 1.

This matter was originally before the Honorable Sean F. Cox and reassigned to the undersigned on April 2, 2024. On September 13, 2024, this Court referred all pretrial matters to Magistrate Judge Elizabeth A. Stafford. ECF No. 13. Judge Stafford has issued several orders that were mailed to Boardman at the Gus Harrison Correctional Facility and later returned as undeliverable. *See*

1

ECF Nos 23, 24, 25, 27. The MDOC website indicates that Boardman was paroled on September 3, 2025. However, Boardman was informed of his responsibility to notify the Court of an address change, or risk dismissal of his action for failure to do so. ECF No. 6.

The Magistrate Judge issued an Order to Show Cause Why This Case Should Not be Dismissed for Failure to Prosecute by October 21, 2025, to which Boardman did not respond. ECF No. 26. Consequently, on October 22, 2025, Judge Stafford issued a Report and Recommendation (R&R) recommending that the undersigned dismiss the Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2, and/or pursuant to E.D. Mich. LR 11.2 for failure to notify the court of an address change. Plaintiff has not filed anything on the docket since January of 2025, and has apparently been paroled or over two months. The Court will assume that his inaction indicates his intent to abandon his case. Therefore, the Court agrees that dismissal is the only option.

At the end of the R&R, the Magistrate Judge advised the parties that to seek review of her recommendation, they had to file specific objections with the Court within 14 days of service of the R&R. *Id.* at PageID.411-412. As of the date of this order—29 days since the Magistrate Judge filed the R&R—none of the parties have filed objections to the R&R or contacted the Court to ask for more time to

2

file objections. The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987) (explaining that a party's failure to object to a report and recommendation timely allows a court to accept the recommendation "without expressing any views on the merits of the magistrate's conclusions"). Similarly, failure to object to an R&R forfeits any further right to appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (recognizing that a party forfeits their right to appeal by failing to file objections to an R&R timely).

Accordingly, because no objections to the R&R have been filed, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommended disposition of dismissal is **ADOPTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE** for failure to comply with the Court's Order (ECF No. 26) and failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2.

*This is a final order that closes the case.*

**IT IS SO ORDERED.**

Dated: November 19, 2025               s/Brandy R. McMillion
                                       Hon. Brandy R. McMillion
                                       United States District Judge